IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 6:08CR25-003 |
| | § | |
| LESLI NICOLE TEEMS | § | |

**REPORT & RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On December 13, 2010, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Lesli Nicole Teems. The government was represented by Alan Jackson, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by court-appointed counsel, Joe Thigpen.

Defendant originally pled guilty to the offense of Conspiracy to Utter Counterfeited Obligations of the United States, a Class D felony. The offense carried a statutory maximum imprisonment term of 5 years. The United States Sentencing Guideline range, based on a total offense level of 8 and a criminal history category of I, was 0 to 6 months. On January 12, 2009, District Judge Michael Schneider sentenced Defendant to time served followed by a term of 2 years supervised release, subject to the standard conditions of release, plus special conditions to include restitution, financial disclosure, drug aftercare, credit restrictions, mental health treatment, and gambling restrictions. On January 12, 2009, Defendant completed the term of imprisonment and began the term of supervised release.

Under the terms of supervised release, Defendant was prohibited, in relevant part, from (1) committing another federal, state or local crime; (2) illegally possessing a controlled substance; (3)

1

any unlawful use of a controlled substance; (4) leaving the Eastern District of Texas; and (4) possessing a firearm.

In its petition, the government alleges that Defendant violated her term of supervised release by providing urine specimens on March 23 and March 26, 2010 that tested positive for methamphetamine.[1] Fifth Circuit case law permits a court to find that illicit drug use constitutes possession. The government further alleges Defendant drove while intoxicated, possessed a controlled substance not prescribed to her by a physician, traveled outside the Eastern District of Texas, and possessed a semi-automatic assault rifle and Glock handgun.

If the Court finds by a preponderance of the evidence that Defendant unlawfully possessed a controlled substance, a statutory sentence of no more than 2 years of imprisonment may be imposed. 18 U.S.C. § 3583(g)(1). Pursuant to Section 7B1.3(a)(1) of the Sentencing Guidelines, violating a condition of supervision by possessing methamphetamine, or controlled substances that were not prescribed to her by a physician, would constitute a Grade B violation, for which the Court shall revoke Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B3.1(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade B violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

If the Court finds by a preponderance of the evidence that Defendant committed the offenses of Driving While Intoxicated, Public Intoxication or traveling outside the Eastern District of Texas without permission, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). The Court may then revoke supervised release or extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history

---

[1] Such an offense would also be a violation of Texas Health and Safety Code § 481.115.

2

category of I, the Guideline imprisonment range for a Grade C violation is 3 to 9 months. U.S.S.G. 7B1.4(a).

At the hearing, Defendant pled true to violating the conditions of supervision, but the parties did not have a recommendation for the Court regarding sentencing. The government asked for 9-10 months, while Defendant asked for 6 months.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Lesli Nicole Teems be committed to the custody of the Bureau of Prisons for a term of imprisonment of 6 months with no supervised release to follow. The Court further **RECOMMENDS** that the place of confinement be FCI Carlswell, Ft. Worth, Texas.

Defendant has waived her right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Michael Schneider for adoption immediately upon issuance.

**So ORDERED and SIGNED this 14th day of December, 2010.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE